IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-cv-01065-FL

| | |
|---|---|
| RENEE FERREE, as parent and Guardian ad Litem for and on behalf of minor U.K., and U.K., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., a foreign corporation, and AMAZON.COM SERVICES, LLC, a foreign limited liability company,<br><br>Defendants. | **PROTECTIVE ORDER** |

Plaintiffs and Defendants contemplate that discovery will involve information and documents that contain personal medical and financial information, trade secrets, proprietary or competitively sensitive financial and business information, and other private or confidential information. Plaintiffs and Defendants request entry of this stipulated protective order to establish procedures to enable the parties to obtain discovery of such information and documents; to protect against public disclosure; and to promptly resolve disputes over confidentiality. [As described further by the court on Page 11, this protective order is issued pursuant to the April 29, 2024 order [D.E. 28] granting defendants' motion for protective order.]*

**The Court hereby orders**:

1. <u>Scope and Application of Protective Order</u>. This Protective Order governs all documents, information, or other material that is designated "Confidential Information" as defined herein, and that is produced in connection with this litigation by any person or entity (the "producing party") to any other person or entity (the "receiving party"), regardless of whether the person or entity producing or receiving the Confidential Information is a party.

1

Case 7:23-cv-01065-FL-BM   Document 29   Filed 04/29/24   Page 1 of 12

2. <u>Definitions.</u>

    2.1. <u>Confidential Information</u>. "Confidential Information" means any information that is private, confidential, or proprietary, including the following representative but non-exclusive examples:

- personally identifiable information
- medical records
- taxes and other financial records
- accounting or financial statements (not including publicly available financial statements)
- trade secrets
- commercial, financial, pricing, budgeting, revenue, profit, or accounting information
- information about existing and potential customers
- marketing studies and projections
- business strategies, decisions, or negotiations
- compensation, evaluations, and employment information
- proprietary information about affiliates, parents, subsidiaries, and third-parties with whom the parties have or have had business relationships
- any other information whose disclosure could cause an invasion of privacy or competitive business harm.

A protective order is warranted because Confidential Information derives value from not being publicly known, and public disclosure could lead to serious and unwarranted injury.

2.2. <u>Documents</u>.  The term "documents" includes all information or communications in any written or electronic form, regardless of format, and includes visual depictions such as photographs.

3. <u>Designation of Confidential Information.</u>

3.1. <u>Good Faith Claims</u>.  All claims of confidentiality and objections to those claims must be made under a good faith belief that the information satisfies (or, in the case of objections, does not satisfy) the definition of Confidential Information.

3.2. <u>Produced Documents</u>.  A party producing documents that it believes constitute or contain Confidential Information shall label the documents with the following legend or something substantially similar to clearly advise of the confidential nature of the contents:

> CONFIDENTIAL: Subject to Protective Order in Case No. 7:23-cv-01065-FL in the United States District Court for the Eastern District of North Carolina

The label shall not obliterate or obscure the contents. If a document containing Confidential Information is produced in native format, the file name shall contain the term "Confidential," "Confidential Information," or otherwise clearly indicate that it contains information subject to this Order. If any person or party makes copies of documents designated as containing Confidential Information, each copy must be marked as containing Confidential Information in the same form as the original document.

A party producing documents that are stored on data storage devices shall designate the data storage device as containing Confidential Information, by labeling the data storage device

and files as described above. If the receiving party or other persons or entities to whom disclosure is authorized under this order make a copy of any data storage device designated by the producing party as containing Confidential Information, the receiving party or other authorized person shall mark each copy as containing Confidential Information in the same form as the notice on the original data storage device. If the receiving party or other authorized person prints or makes copies of the documents stored on such data storage device, each page must be copied with the label specified in this section.

   3.3. <u>Interrogatory Answers</u>. If a party answering an interrogatory believes that its answer contains Confidential Information, it shall answer in a separate document that is designated as Confidential Information.

   3.4. <u>Inspections of Documents</u>. If the parties inspect documents rather than produce copies, no designation of Confidential Information needs to be made before the inspection. The party making documents available for inspection may designate categories of documents that contain Confidential Information, and the information contained in those documents shall be considered Confidential Information under this Order. If the inspecting party selects documents to be copied, the producing party shall designate Confidential Information when the copies are produced.

   3.5. <u>Deposition Transcripts</u>. No person except those permitted access to Confidential Information by this Order can attend depositions when Confidential Information is disclosed. Within 30 days after receiving a deposition transcript, a party may inform the other parties if the transcript or portions of it are designated as Confidential Information. If a party indicates at a deposition that the Confidential Information has been disclosed in the deposition, the transcript in its entirety shall be treated as Confidential Information for the 30 days. All

persons and parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing Confidential Information.

  3.6. <u>Multipage Documents</u>.  A party may designate all pages of an integrated, multipage document as Confidential Information by placing the label specified in subparagraph 3.2 on the first page of the document.  If a party wishes to designate only certain portions of an integrated, multipage document as Confidential Information, it should designate such portions immediately below the label on the first page of the document and place the labels specified in subparagraph 3.2 on each page of the document containing Confidential Information.

4. <u>Designations by Another Party.</u>

  4.1. <u>Notification of Designation</u>.  If a party other than the producing party believes that a producing party has produced a document that contains or constitutes Confidential Information of the non-producing party, the non-producing party may designate the document as Confidential Information by notifying all parties in writing within 30 days of service of the document.

  4.2. <u>Return of Documents</u>.  Whenever a party other than the producing party designates a document as Confidential Information under subparagraph 4.1, each party receiving the document shall either add the Confidential Information designation or substitute a copy of the document bearing such designation for each copy of the document produced by the producing party. Each party shall destroy all undesignated copies of the document or return those copies to the producing party, at the direction of the producing party.

5. <u>Objections to Designations</u>.

  5.1. <u>Notice of Objection</u>.   Any party objecting to a designation of Confidential Information, including objections to portions of designations of multipage documents, shall

notify the designating party and all other parties of the objection in writing. This notice must identify each document that the objecting party in good faith believes should not be designated as Confidential Information and provide a brief statement of the grounds for such belief.

       5.2.    <u>Conference Regarding Objection</u>. The parties with an interest in resolution of the objection shall confer after such objection to attempt to resolve their differences, unless the parties agree to a longer time. If the parties cannot resolve their differences, the objecting party shall have 14 days after the conference to file a motion to remove the Confidential Information designation. The party claiming confidentiality retains the burden of proving that the documents are entitled to confidential treatment.

       5.3.    <u>Treatment after Objection Is Raised</u>. All documents, information and other materials initially designated as Confidential Information shall be treated as Confidential Information in accordance with this Order unless and until the Court rules otherwise. If the Court rules that a Confidential Information designation should not be maintained as to a particular document, the producing party shall, upon written request by a party, provide that party a copy of that document without the Confidential Information designation.

6.    <u>Custody</u>. All Confidential Information and all copies, extracts, and summaries thereof, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 7.1.

7.    <u>Handling of Confidential Information Before Trial</u>.

       7.1.    <u>Authorized Disclosures</u>. Confidential Information shall be disclosed by the receiving party only to the following persons:

a.    Counsel for the parties, including their associates, clerks, paralegals, and secretarial personnel;

6

Case 7:23-cv-01065-FL-BM   Document 29   Filed 04/29/24   Page 6 of 12

b. Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape and clerical personnel;

c. Deposition and trial witnesses;

d. Experts and their staff who are consulted by counsel for a party in this litigation;

e. Parties and their employees and insurers with a discernible need to know;

f. In-house counsel and paralegals;

g. Vendors employed by counsel for copying, scanning, and handling of documents and data; and

h. The Court hearing this litigation and the Court's staff, subject to the Court's processes for filing materials under seal.

Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend the litigation.

7.2. <u>Acknowledgement of Protective Order</u>. Confidential Information may not be disclosed to persons under subparagraphs 7.1(c) or 7.1(d) until the receiving party has obtained a written acknowledgment from such person, in the form in Appendix A, that he or she has received a copy of this Order and has agreed to be bound by it. A party who discloses Confidential Information in accordance with subparagraphs 7.1(c) or 7.1(d) shall retain the written acknowledgment from each person receiving Confidential Information, shall maintain a list of all persons to whom a receiving party has disclosed Confidential Information, and shall furnish the written acknowledgements and disclosure list to the Court for *in camera* review upon its request. Furnishing the written acknowledgements and disclosure list to the Court shall not constitute a waiver of the attorney work product or attorney-client privilege.

7

7.3. <u>Disclosure to Competitors</u>. Before disclosing Confidential Information to any authorized person who is a competitor (or an employee of a competitor) of the designating party, the party wishing to make such disclosure shall give at least 14 days' notice in writing to the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed. If, within the 14-day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized until the Court orders otherwise. For purposes of this Order, "competitor" means any person or entity that operates any online or physical marketplace or retail business with more than 1,000 employees.

7.4. <u>Unauthorized Disclosures</u>. All persons receiving Confidential Information under the terms of this Order agree to the jurisdiction of this Court for all matters arising from the improper disclosure or use of such Confidential Information. If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to retrieve the Confidential Information and to prevent further disclosure.

7.5. <u>Court Filings</u>. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to

seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

8. <u>Care in Storage</u>. All persons having Confidential Information shall exercise reasonable care to protect against inadvertent disclosure, disclosure to unauthorized persons, and theft or hacking.

9. <u>Handling during Trial</u>. Confidential Information that is subject to this Order may be marked and used as trial exhibits by any party, subject to terms and conditions imposed by the Court.

10. <u>No Implied Waivers</u>. entry of this Order shall not be interpreted as a waiver of the right to object to the furnishing of information or documents in response to discovery requests or to object to a requested inspection of documents or facilities. Nor is production of any document or information under this Order an admission that it is admissible in evidence.

11. <u>Inadvertent Failure to Designate as Confidential</u>. The inadvertent failure to designate any information as Confidential does not waive a party's claim of confidentiality. In the event of disclosure of such information, the information shall be designated as Confidential Information by the party as soon as reasonably possible after learning of the disclosure and such information shall thereafter be treated as Confidential Information subject to this Order. No liability shall attach to any party's use or disclosure of such information from the time of receipt until the party properly designates it as Confidential Information.

12. <u>Inadvertent Disclosure of Privileged Documents or Information</u>. If a party inadvertently produces a document or information that it could have withheld, in whole or in part, under a legitimate claim of privilege, the inadvertent production shall not waive any privilege or result in a subject matter waiver.

A party who determines that it may have received potentially privileged documents or information shall immediately notify the producing party.

A producing party may demand return of any inadvertently produced document or information, and the receiving party shall immediately return them (and any copies thereof) and delete all electronic versions and all notes or other work product reflecting the contents of such material. Alternatively, the receiving party may seek *in camera* review within 10 days to obtain a court ruling on privilege, and the parties shall not use such documents or information until the court rules.

13. <u>Parties' Own Documents</u>. This Order does not restrict the parties in their use or disclosure of their own documents and information.

14. <u>Motion to Compel Production of Confidential Information</u>. If any third party moves to compel production of Confidential Information, the party subject to such motion shall immediately notify the parties who originally produced or designated the Confidential Information to allow them an opportunity to oppose the motion. In addition, if a party is ordered to produce Confidential Information covered by this Order, notice and, if available, a copy of the order compelling disclosure, shall immediately be given to the parties who originally produced or designated such Confidential Information. Nothing in this Order requires the party who is ordered to produce such Confidential Information to challenge or appeal such an order.

15. <u>No Effect on Other Rights</u>. This Order does not abrogate or affect any pre-

existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

16. <u>Handling upon Conclusion of Litigation</u>.  All parties, counsel, and persons to whom disclosure was made shall return all Confidential Information to the designating party within 90 days of the conclusion of litigation. Counsel shall certify in writing that all such Confidential Information has been returned. Counsel for each party also shall contact each person to whom that party has provided a copy of any Confidential Information and request the documents be returned. In lieu of returning Confidential Information, the person or party possessing it may destroy it and certify such destruction in writing.

17. <u>Retention of File Materials by Counsel</u>.  Notwithstanding Paragraph 16, in order to comply with ethics and malpractice insurance requirements, counsel shall be permitted to retain, subject to the continuing application of this protective order, confidential materials and information within counsel's file including all attorney work-product; depositions and exhibits; motions, responses, replies, and exhibits; hearing and trial transcripts and exhibits; and pretrial and trial disclosures and filings.

This 29th day of April, 2024.*

_____
Brian S. Meyers
United States Magistrate Judge

*This order contains the verbatim language of the proposed protective order [D.E. 20-2] attached to defendants' motion for protective order.  As confirmed during the telephonic hearings on March 19 and 26, 2024, the parties agreed with one another regarding the language of the proposed protective order [D.E. 20-2], and to the language of Appendix A attached hereto.  The dispute between the parties arose regarding additional language that plaintiffs sought to add.  For the reasons discussed in the court's April 29, 2024 order [D.E. 28], plaintiffs' additional language is not included herein.

11

Case 7:23-cv-01065-FL-BM   Document 29   Filed 04/29/24   Page 11 of 12

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-cv-01065-FL

RENEE FERREE, as parent and Guardian ad Litem
for and on behalf of minor U.K., and U.K., a minor,

                        Plaintiffs,

    v.

AMAZON.COM, INC., a foreign corporation, and
AMAZON.COM SERVICES, LLC, a
foreign limited liability company,

                        Defendants.

## **APPENDIX A**

I hereby attest that I understand that information or documents designated as Confidential Material are provided to me subject to the Order dated <u>April 29, 2024</u> [D.E. 29] (the "Order"), in the above-captioned litigation ("Litigation"); that I have been given a copy of and have read the Order; that I am qualified to receive the Confidential Materials; and that I agree to be bound by the terms of the Order. I also understand that my signature below indicates my agreement to be bound by the Order and is a prerequisite to my review of any information or documents designated as Confidential Material pursuant to the Order.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the above-identified Court for the purposes of any proceedings relating to enforcement of the Order.

Date: _____

By: _____